ELM CITY NURSERY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6503. Promulgated February 7, 1927.

Cost of goods sold within the years in question, together with other amounts which were added to inflate financial statements, found to have been added to inventories and eliminated therefrom.

*Charles F. Mitchell, Esq.*, for the petitioner.
*Henry Ravenel, Esq.*, for the respondent.

This proceeding results from the determination by respondent of deficiencies in income and excess-profits taxes for the calendar years 1919 and 1920, in the respective amounts of $2,390.68 and $1,474.42. Petitioner alleges error in two respects; first, failure of respondent to allow for the cost of goods purchased and sold during both years, in the total amount of $14,720.95; second, failure of respondent to eliminate for both years appreciation of inventory in the total amount of $18,424.46.

### FINDINGS OF FACT.

Petitioner is a Connecticut corporation with its principal offices at Woodmont. From 1906 to 1922, the corporation was controlled and operated by Ernest F. Coe, the operations being carried on principally with borrowed capital. During the years 1919 and 1920, the financial condition of the corporation became precarious, which necessitated the borrowing of substantial sums, if the corporation was to continue in business. Banks to whom Coe applied for loans required a balance sheet showing its assets and liabilities. In order to make as favorable a statement as possible, Coe caused the inventory of nursery stock to be overstated at inflated values, for credit purposes. The inventory was used as a balancing figure for the purpose of showing an inflated financial condition. No physical inventory was made of the stock on hand, and stock purchased and sold during the year was not taken into account. If an additional sum was needed to be shown on the financial statement, an arbitrary sum was added to the closing inventory to effect such result. The value of inventory at January 1, 1919, is stated on the books of account to be $164,523.07, and the additions thereto during the year 1919 amounted to $21,206.77, of which $7,495.34 is shown as cost of purchases and $13,711.43 represents a balancing figure added to the value of the inventory at the close of the year. The inventory, as set up on the books at January 1, 1919, with charges to the account during the year, amounted to $185,729.84, and this amount appears upon the books of account as the value of the inventory at December 31, 1919. The total charges to the account for the year 1920 amounted to $11,938.64, of which $7,225.61 is shown as cost of purchases, and $4,713.03 represents a balancing figure added to inventory at close of year. The inventory at January 1, 1920, amounted to $197,668.48, and this figure appears upon the books of account as the value of the inventory at the close of the year. Purchases made during the years 1919 and 1920 represent stock purchased and used to fill orders during each of the years and the purchases of stock made during the years were not on hand at the close of the years.

## OPINION.

MILLIKEN: The respondent, in computing net income for the years in question, has not allowed deductions, as part of cost of goods sold, of the cost of purchases of stock in the amounts of $7,495.34 and $7,225.61, respectively. The inventory of stock for each of the years and the cost of purchases of additional stock were carried on the books of account in a so-called "nursery stock" account. The inventory at January 1, 1919, is stated therein at a value of $164,-523.07, and the additions thereto during the year amounted to $21,206.77, of which $7,495.34 is shown as cost of purchases, and $13,711.43 as a balancing figure added to the inventory at the close of the year, or an appreciation of the inventory. The same situation is reflected as concerns the year 1920, as set forth in the findings of fact.

The respondent's computation of net income, for each of the years in question, was based upon the debits and credits to the profit and loss account as it appeared upon the books. Though he made some adjustments in respect of other items, he accepted the book value of the inventories as correct and the credits to profit and loss of the two items of appreciation of inventories as proper. We are convinced that the books of account did not correctly reflect the actual and true situation. The petitioner has proven that such is the fact.

The evidence also convinces us that all of the nursery stock purchased during the year was acquired for the purpose of filling orders for stock; that it was actually used for this purpose, and was not on hand at the close of the respective years. Hence, petitioner's books are in error in carrying the cost of these purchases in the inventory at the close of the year.

Deducting from the value of the inventory as set up on the books at December 31, 1919, to wit, $185,729.84—an appreciation of $13,-711.43, and cost of purchases in the sum of $7,495.34, and from the book value of inventory at December 31, 1920, to wit, $197,668.48, the total appreciation of $18,424.46 and the total purchases of $14,-720.95, the corrected inventories at both dates are found to be in the same amount of $164,523.07. Since the inventories at the opening and close of both years are the same, the cost of goods sold for each year is represented by the cost of the purchases made during the year.

*Judgment under Rule 50 will be entered on 15 days' notice.*